IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § § § § § § § § | CASE NUMBER 6:11-CR-00052-RC |
| v. | |
| ERNESTO CAMACHO | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 26, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ernesto Camacho. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Craig Bass.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of V, was 70 to 87 months. On December 6, 2011, the Honorable Leonard Davis sentenced Defendant to 48 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, and a $100.00 special assessment fee. On October 24, 2014, Defendant completed his period of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to report to the probation officer and submit a truthful and complete written report within the first five days of each month.

In its petition, the government alleges that Defendant violated this condition of supervised release by failing to submit an on-line report for the month of December 2016.

Defendant was also required to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. In its petition, the government alleges that Defendant violated this condition of supervised release by failing to follow instructions and recommendations of the probation officer by continuing to operate motor vehicles without a valid driver's license on, or about June 7, 2016; September 19, 2016; and September 28, 2016. The government also alleges that Defendant violated this condition by failing to report to the probation office on January 4, 2017 at 1:00 p.m. pursuant to instructions.

Defendant was also required to notify the probation officer ten days prior to any change of residence or employment. In its petition, the government alleges that Defendant violated this condition of supervised release by moving out of his residence on December 22, 2016 and failing to report the change in residence to the probation officer. The government also alleges that Defendant violated this condition of supervised release by failing to notify the probation officer that he had stopped working for John Soules Foods on or about December 21, 2016.

Defendant was also required to refrain from excessive use of alcohol and to refrain from purchasing, possessing, using, distributing, or administering any narcotic or other controlled substance, or any paraphernalia relate to such substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated this condition of supervised release by submitting urine samples that tested positive for methamphetamine on October 27, 2014 and April 3, 2015. The government also alleges that Defendant signed statements admitting that he used methamphetamine on or about those dates.

Defendant was also required to reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days beginning at a time to be arranged by the probation officer. Defendant was required to abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines. In its petition, the government alleges that on November 21, 2016, Defendant reported as instructed to the County Rehabilitation Center, but violated this condition of supervised release by leaving the Center on December 22, 2016 without permission from his case manager or probation officer.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by: failing to report for December 2016; failing to follow instructions of the probation officer by continuing to operate a motor vehicle without a valid driver's license; failing to report to the probation officer that he moved or changed residence/employment; testing positive for methamphetamine; and failing to follow the rules and regulations of the County Rehabilitation Center, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline Imprisonment Range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using, and thus possessing, methamphetamine on October 27, 2014 and April 3, 2015, he will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1). Upon a finding of a Grade B violation, the Court shall revoke supervised release.

U.S.S.G. § 7B1.3(a)(1).  Considering Defendant's criminal history category of V, the Guideline Imprisonment Range for a Grade B violation is 18 to 24 months.  U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above.  In exchange, the government agreed to recommend a sentence of 18 months with no supervised release to follow, which includes 148 days of un-served County Rehabilitation Center time and credit for the time served since January 30, 2017.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Ernesto Camacho be committed to the custody of the Bureau of Prisons for a term of imprisonment of 18 months with no supervised release to follow, which includes 148 days of un-served County Rehabilitation Center time and credit for time served since January 30, 2017.  The Court **RECOMMENDS** that Defendant receive drug treatment and any available job skills training while incarcerated.  The Court **FURTHER RECOMMENDS** that the place of confinement be Seagoville in order to facilitate family visitation.

**So ORDERED and SIGNED this 26th day of July, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE